IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Neil W. Bollers and Byrl Y. Bollers, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-cv-03297-JOF-ECS |
| BAC Home Loan Servicing, LP, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| **AND** | : | |
| | : | |
| Byrl Y. Bollers, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-cv-03395-JOF-ECS |
| BAC Home Loan Servicing, LP (BACHLS), et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| **AND** | : | |
| | : | |
| Byrl Y. Bollers, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-cv-01460-JOF-ECS |
| Rubin Lublin Suarez Serrano, LLC, | : | |
| | : | |
| Defendant. | : | |

AO 72A
(Rev.8/82)

**OPINION & ORDER**

In Civil Action No. 09-CV-3297, this matter is before the court on Plaintiff Byrl Y. Bollers' motion to strike answer and to strike consolidation of cases [17]; Defendants' motion for summary judgment [19]; and Plaintiff Byrl Y. Bollers' motion to compel [24].

In Civil Action No. 09-CV-3395, this matter is before the court on Plaintiff's motion to dismiss and Plaintiff's motion to strike answer to complaint [8]; Plaintiff's motion to remand to state court [19]; Plaintiff's motion to strike response and Plaintiff's motion for summary judgment [29]; Defendants' motion for summary judgment [31]; Plaintiff's motion to compel discovery [38]; Plaintiff's motion to appoint counsel [39]; Plaintiff's motion to compel discovery [40]; Defendants' motion for summary judgment [44]; Plaintiff's motion for misjoinder of certain defendants [55]; and Defendants' motion to consolidate cases [56].

In Civil Action No. 10-CV-1460, this matter is before the court on Defendants' motion to consolidate cases [2]; and Plaintiff's motion to strike Defendants' answers [4].

**I.  Background**

These three cases arise out of the same set of facts and circumstances, namely, the February 23, 2006, $975,000 loan obtained by Neil W. Bollers and Byrl Y. Bollers from Mortgage Electronic Registration System, Inc. (MERS) as a nominee for C&G Financial

2

Services, Inc.[1]  Plaintiffs executed a promissory note in favor of C&G secured by the property located at 1211 Lightwood Court, NE, Conyers, Rockdale County, Georgia 30012.[2] Plaintiffs also executed a security deed conveying the property to C&G as security for repayment of the loan.

On September 10, 2009, the Note and Security Deed were transferred by assignment from C&G to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing.  Plaintiffs subsequently defaulted on the loan.  Plaintiffs have defaulted on the loan and filed three separate actions in an effort to forestall foreclosure.

On October 9, 2009, the first case filed in the Superior Court of Rockdale County alleging claims of identity theft, foreclosure fraud, and breach of private duty.  The complaint, itself, is not entirely clear to the court and appears to be a boilerplate copy of complaints used to forestall foreclosure proceedings. Plaintiffs refer to the Truth-in-Lending Act, as well as Real Estate Settlement Procedures Act ("RESPA") and the Fair Debt Collection Practices Act ("FDCPA").  Plaintiffs seek over $5,750,000 in damages.  On November 9, 2009, Plaintiffs filed a handwritten document indicating that the case was dismissed, but then filed an "amended lawsuit" the next day.  That case was removed to this

---

[1] These background facts are not contained in any of Plaintiff's three complaints. The court provides them only for context.

[2] An alternative address has been indicated as 1211 Lightwood Court, Loganville, GA 30052.

3

court and styled as *Neil Bollers and Byrl Bollers v. BAC Home Loan Servicing, LP, Mortgage Electronics Registration Systems, Inc. (MERS), Peter Lublin, Rubin Lublin Suarez Serrano, LLC*, Civil Action No. 09-CV-3297 ("*Bollers I*").

Shortly after removal of *Bollers I*, Defendants filed a motion to consolidate *Bollers I* with the case styled as *Byrl Y. Bollers v. BAC Home Loan Servicing, LP, Mortgage Electronic Registration Systems, Inc., Peter Lublin, and Rubin Lublin, Suarez & Serrano, LLC*, Civil Action No. 09-CV-3395 (*Bollers II*), which Byrl Bollers filed directly in federal court on November 5, 2009. *Bollers II* is a similar lawsuit to *Bollers I*. Defendants' motion to consolidate *Bollers I* with *Bollers II* was granted on May 3, 2010.

Finally, Byrl Bollers filed the third case in state court in Rockdale County on April 5, 2010 against Rubin Lublin only. That case was removed to this court and styled as *Byrl Bollers v. Rubin Lublin Suarez & Serrano LLC*, Civil Action No. 10-CV-1460 (*Bollers III*). On May 20, 2010, Defendant filed a motion to consolidate the case with *Bollers I* and *Bollers II*. Because these cases all arise out of the same set of facts and circumstances, pursuant to Federal Rule of Civil Procedure 42(a)(2), in Civil Action No. 10-CV-1460, the court GRANTS Defendant's motion to consolidate cases [2] and in Civil Action No. 09-CV-3395, the court GRANTS Defendants' motion to consolidate cases [56].

4

**II.    Discussion**

In *Bollers I*, Byrl Bollers filed a "notice for voluntary dismissal" pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  Defendants Peter Lublin and Rubin Lublin Suarez Serrano, LLC objected to this notice stating that Byrl Bollers is not the only Plaintiff in *Bollers I*, and that because answers had already been filed, Rule 41(a)(1)(A)(i) could not be used as a means of dismissal.

Byrl Bollers then filed an amended notice for voluntary dismissal, motion to strike consolidation and to strike answers in which she seems to contend that because she was granted permission to proceed *in forma pauperis* in *Bollers II*, Defendants could not encroach on her private property.  She further asserts that Neil Bollers has withdrawn his name as Plaintiff and that the state court cases are proceeding.  She further appears to state that she wishes to pursue the litigation in *Bollers II* and not *Bollers I*.  Finally, she asks the court to strike Defendants' answers because they "fail to state a claim, in which relief may be granted under Rule 12(b)(6)."

None of these claims as far as the court can construe them has merit.  The court holds that Plaintiff's motion to strike consolidation fails because the cases are properly consolidated under Rule 42(a) as they relate to the same set of facts and circumstances. Further, Plaintiff had not provided any reason to the court to strike Defendants' answers. Rule 12(b)(6) cited by Plaintiff does not relate to answers to a complaint.  Therefore, in Civil

5

Action No. 09-CV-3297, the court DENIES Plaintiff's motion to strike answer and to strike consolidation of cases [17]. Plaintiff filed the identical motion in Civil Action No. 09-CV-3395 at Docket Entry [8] and in Civil Action No. 10-CV-1460 at Docket Entry [4] and the court DENIES those motions for the same reasons.

In *Bollers II*, Plaintiff filed an amended motion to remand removal arguing that Defendants did not remove until 40 days after the state court case was filed and that diversity jurisdiction does not exist because Peter Lublin and his law firm are residents of Georgia as is Plaintiff. In *Bollers II*, however, Plaintiff, herself, filed the complaint in federal court and labeled it as a "federal complaint." She purports to allege causes of action under federal and Georgia law. Therefore, there is no merit to her contention that her own complaint should be remanded. The court DENIES Plaintiff's motion to remand to state court [19].

Plaintiff asks the court to strike Defendants' responses to her motions. Plaintiff gives no basis for her request and the court DENIES that motion [29]. In that same motion, Plaintiff asks the court to grant her "summary judgment on the pleading" and the court, likewise, DENIES that motion as Plaintiff has not even articulated any cognizable claims.

Plaintiff has filed motions to compel in both *Bollers I* and *Bollers II*. She contends that discovery requests were sent to Defendants and they have not responded. Defendants, however, show that they responded to Plaintiff's discovery requests but lodged objections

6

to some of the requests.  The fact that Defendants have objected to Plaintiff's discovery requests does not mean they have not responded to her requests.  Rather, the Federal Rules of Civil Procedure anticipate that the parties will confer in good faith about their discovery disagreements and then the moving party will file a motion to compel in accordance with Rule 37.  Plaintiff has not done this.  Therefore, in Civil Action No. 09-CV-3297, the court DENIES Plaintiff's motion to compel [24].  In Civil Action No. 09-CV-3395, the court DENIES Plaintiff's motion to compel discovery [38]; and DENIES Plaintiff's motion to compel discovery [40].

Plaintiff moves the court to appoint her counsel and has indicated to the court the name of the attorney she would like appointed.  Civil litigants have no constitutional right to counsel.  *See*, *e.g.*, *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).  Rather, the appointment of counsel is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (internal quotations omitted).  Moreover, the district court has broad discretion in making the decision whether or not to appoint counsel.  *Bass*, 170 F.3d at 1320.  After reviewing Plaintiff's pleadings, the court finds that the instant case does not present exceptional circumstances that would require the appointment of counsel

7

because Plaintiff has not set forth any facts which would indicate even the possibility of a claim. Therefore, the court DENIES Plaintiff's motion to appoint counsel [39].

On May 14, 2010, Plaintiff filed a "motion for misjoinder of certain defendants" in which she purports to state that she misjoined Defendants Peter Lublin and Rubin, Lublin, Suarez & Serrano, LLC in *Boller II*. She then states that she voluntarily drops these two Defendants from this action. (Plaintiff has separately sued Rubin, Lublin, Suarez & Serrano, LLC in *Boller III* which was filed on April 5, 2010). As the court has consolidated Plaintiff's three complaints and is considering them together, the court need not rule on Plaintiff's motion for "misjoinder" or dismissal of Defendants Peter Lublin and Rubin, Lublin, Suarez & Serrano, LLC in *Boller II*. Therefore, the court denies the motion [55] as moot.

Finally, in *Bollers I* and *Bollers II*, Defendants BAC Home Loan Servicing, LP and Mortgage Electronic Registration Systems, Inc., and in *Bollers II* Defendants Peter Lublin and Rubin Lublin Suarez Serrano, LLC, filed motions for summary judgment arguing, *inter alia*, that Plaintiff failed to state a claim upon which relief can be granted under Rule 12(b)(6). The court agrees. Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlanta Corp. v. Twombly*, 550 U.S. 544, 555

AO 72A
(Rev.8/82)

(2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The court finds that all of Plaintiff's complaints contain insufficient factual allegations to support any claim to relief. Although Plaintiff references a security deed in her complaint, she offers no other detail about her allegations. The complaint does not identify the property which was mortgaged and foreclosed upon, nor the dates on which these events took place. Though Plaintiff alleges several instances of failure on the part of Defendants to deliver certain documents and make certain disclosures, it is not clear which laws Defendants are alleged to have violated. Plaintiff also alleges that Defendants committed identity theft, but she does not identify how or in what manner such theft occurred. Plaintiff alleges that Defendants have reported erroneous data to credit reporting agencies in violation of several federal statutes, but does not identify what that data was or why it was false.

9

Plaintiff's complaint is a classic example of "shotgun" pleading listing a host of statutes and claiming that each has been violated without any facts to support such allegations. There is no coherent narration to the complaint which is vague and lacks any factual framework. With few exceptions, Plaintiff's allegations are made against "Defendants" without any specification of which Defendant she contends is liable under which cause of action. "The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes shotgun pleading." *Sledge v. Goodyear Dunlop Tires North America, Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001). Plaintiff's complaint is a boilerplate complaint that has unfortunately become common in litigation such as this which attempts to forestall state foreclosure proceedings. As such, the court concludes that Plaintiff has stated no claim to relief that is plausible on its face and must be dismissed under *Twombly* and *Iqbal*. Furthermore, as Plaintiff has filed essentially the same complaint three different times in different venues against various combinations of Defendants, the court does not find it necessary to give Plaintiff another opportunity to amend her complaint.

Therefore, in Civil Action No. 09-CV-3297, the court GRANTS Defendants' motion for summary judgment [19]; and in Civil Action No. 09-CV-3395, the court GRANTS Defendants' motion for summary judgment [31] and GRANTS Defendants' motion for summary judgment [44].

### III. Conclusion

In Civil Action No. 09-CV-3297, the court DENIES Plaintiff's motion to strike answer and to strike consolidation of cases [17]; GRANTS Defendants' motion for summary judgment [19]; and DENIES Plaintiff's motion to compel [24].

In Civil Action No. 09-CV-3395, the court DENIES Plaintiff's motion to dismiss and Plaintiff's motion to strike answer to complaint [8]; DENIES Plaintiff's motion to remand to state court [19]; DENIES Plaintiff's motion to strike response and Plaintiff's motion for summary judgment [29]; GRANTS Defendants' motion for summary judgment [31]; DENIES Plaintiff's motion to compel discovery [38]; DENIES Plaintiff's motion to appoint counsel [39]; DENIES Plaintiff's motion to compel discovery [40]; GRANTS Defendants' motion for summary judgment [44]; DENIES AS MOOT Plaintiff's motion for misjoinder of certain defendants [55]; and GRANTS Defendants' motion to consolidate cases [56].

In Civil Action No. 10-CV-1460, the court GRANTS Defendants' motion to consolidate cases [2]; and DENIES Plaintiff's motion to strike Defendants' answers [4].

**IT IS SO ORDERED** this 11th day of August 2010.

                                     /s   J. Owen Forrester
                                     J. OWEN FORRESTER
                     SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)